IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARILYN B. NATASHA SATTERWHITE,    )
    )
    Petitioner,    )
    )
v.    )    CIV. A. NO. 17-0303-JB-MU
    )
DEIDRA WRIGHT,    )
    )
    Respondent.    )

## REPORT AND RECOMMENDATION

Marilyn B. Natasha Satterwhite, a state prisoner presently in the custody of the respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 4). This matter has been referred to the undersigned for the entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and General Local Rule 72(a)(2)(R). Satterwhite challenges her convictions for first-degree sodomy, pursuant to Alabama Code § 13A-6-63(a)(3), and first-degree sexual abuse of a child under 12 years old, pursuant to Alabama Code § 13A-6-69.1. (Doc. 8-1 at pp. 130-133). Having carefully reviewed the record, Satterwhite's petition, Respondent's answer, Satterwhite's reply, and all exhibits filed in this matter, the undersigned finds that there are sufficient facts and information upon which the issues under consideration may be properly resolved. Therefore, no evidentiary hearing is required. Based upon the undersigned's review, it is recommended that the instant petition be denied for the reasons set forth below.

## I. PROCEDURAL HISTORY

Satterwhite was convicted by a jury of first-degree sodomy, pursuant to Alabama

Code § 13A-6-63(a)(3), and first-degree sexual abuse of a child under 12 years old, pursuant to Alabama Code § 13A-6-69.1, on June 23, 2014 in the Circuit Court of Escambia County, Alabama, and was sentenced to concurrent life sentences on August 13, 2014. (Doc. 8-1 at pp. 159-60). During the course of the trial, Satterwhite moved for a judgment of acquittal as to all counts at the close of the State's case in chief, which was denied by the trial judge. (Doc. 8-4 at pp. 126-53). Satterwhite did not raise or mention any constitutional violation during the presentation of her motion for acquittal. (*Id.*). At the close of the defendant's case and at the close of all of the evidence, Satterwhite again moved for a judgment of acquittal as to all counts and again did not mention or argue any constitutional violation. (Doc. 8-5 at pp. 23-25; 41). The trial court granted the motion for acquittal as to counts one and two. (*Id*. at p.84). Counts three and four were presented to the jury for determination, and the jury found Satterwhite guilty of sodomy first degree and guilty of sexual abuse of a child under 12. (*Id*. at p. 150). After the verdict was returned, Satterwhite moved for a judgment notwithstanding the verdict on the grounds that 1) the evidence did not support a finding that all of the alleged acts occurred in Escambia County, Alabama and, therefore, the trial court lacked jurisdiction and 2) the evidence did not support a finding that all of the alleged acts occurred and, therefore, pursuant to the generic evidence standard under which the State elected to proceed, the evidence did not support the verdict. (*Id.* at pp. 152). The trial court denied the motion finding that its charges on these two matters were in compliance with Alabama law. (*Id*.). Satterwhite did not raise or mention any constitutional violation during the presentation of her motion for judgment notwithstanding the verdict.

Satterwhite appealed her conviction to the Alabama Court of Criminal Appeals, asserting the following claims: 1) the trial court committed reversible error in failing to dismiss all charges due to the state's failure to establish the court's jurisdiction over said charges; 2) the trial court committed reversible error in denying appellant's motions for acquittal and motion for judgment notwithstanding the verdict; 3) the trial court committed reversible error in instructing the jury it could return with different verdicts utilizing generic evidence; and 4) there was insufficient evidence to sustain the guilty verdicts. (Doc. 8-6 at p. 3). Satterwhite did not raise or mention any constitutional violation in the brief she filed in support of her appeal to the Alabama Court of Criminal Appeals. (*Id*. at pp. 1-54). Rather, she only argued state law claims; specifically, that the evidence was insufficient to prove jurisdiction beyond a reasonable doubt and to prove beyond a reasonable doubt that all of the acts alleged actually occurred. (*Id*.). The Alabama Court of Criminal Appeals affirmed the convictions in an unpublished memorandum opinion. *See M.B.N.S. v. State*, CR-13-1788, 222 So. 2d 383 (table) (Ala. Cr. App. Dec. 18, 2015) (mem. op.) (Doc. 8-8). The Court of Criminal Appeals held that Satterwhite had waived each of these issues because she failed to comply with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure. (*Id*.). Rule 28(a)(10) requires appellants to support their arguments with citations to specific cases (not just "general propositions of law"), statutes, other authorities, and parts of the record relied upon. (*Id*. at p. 3). In addition, the appellate court found that evidence submitted to the jury supported its jurisdictional determination, as well as its findings on both the sodomy and sexual assault convictions, and, therefore, affirmed for that reason as well. (*Id*. at pp. 3-9).

Satterwhite filed an application for rehearing on January 12, 2016, in which she asserted the same claims as in her original brief on appeal and again failed to raise, argue, or mention any constitutional violation or any federal law issue. (Doc. 8-9). Her application for rehearing was overruled on January 22, 2016. (Doc. 8-10). She filed a petition for writ of certiorari in the Alabama Supreme Court on February 5, 2016, asserting that the decision of the Alabama Court of Criminal Appeals "contravene[d] long standing Alabama Case Law." (Doc. 8-11 at p. 4). In her petition, she made the same arguments as previously made with regard to the jurisdiction issue; however, as to the "generic evidence" issue; that is, whether the trial court's finding that a prima facie case had not been made as to counts one and two (soliciting an individual to engage in deviate sexual intercourse with another individual) dictated an acquittal on counts three (sodomy) and four (sexual abuse) because the state proceeded with generic evidence, she presented additional argument. (Doc. 8-11). Satterwhite argued that, under her interpretation of the Alabama cases discussing generic evidence, if the State proceeded with generic evidence as to one count, it had to prove all of the allegations supporting all four counts of the indictment had occurred. (*Id.* at pp. 8-12). The State argued, and the trial court and the Alabama Court of Criminal Appeals agreed, that the State only had to prove that all allegations had occurred as to each count separately, not collectively. (*Id.*).

In her petition to the Alabama Supreme Court, Satterwhite argued, for the first time, that "[t]he limited cases regarding generic evidence, and their questionable interpretations, unduly impairs a defendant's due process right to fair notice of the charges against her, and a reasonable opportunity to defend against those charges. A

definitive ruling pertaining to generic evidence is needed to insure the safeguards of due process." (*Id.* at p. 12). On April 15, 2016, the Alabama Supreme Court denied the writ with no opinion and entered a certificate of judgment. (Doc. 8-12).

Satterwhite sought review in the United States Supreme Court, asserting the first three issues she had presented to the Alabama Court of Criminal Appeals and the Alabama Supreme Court. (Doc. 8-13). In her petition, she alleged that the constitutional rights involved were the "Sixth Amendment Confrontation Right and Right to a Fair and Impartial Trial, [sic] and Fourteenth Amendment Right of Due Process and the Equal Protection of the Law." (*Id.* at p. 8). The only explanation of how these rights were allegedly violated was the following statement in the Conclusion section of Satterwhite's brief: "The limited cases regarding generic evidence, and their questionable interpretations, unduly impairs a defendant's due process right to fair notice of the charges against her, and a reasonable opportunity to defend against those charges. A definitive ruling pertaining to generic evidence is needed to insure defendants are afforded the safeguards of the Sixth Amendment right of confrontation and to a fair and impartial trial, and the Fourteenth Amendment right to due process and the equal protection of the law." (*Id.* at p. 24). Even though Satterwhite was represented by counsel during all of these proceedings, she did not cite a single case, federal or otherwise, that supported her position that a constitutional violation had occurred. On November 14, 2016, the United States Supreme Court denied her petition for a writ of certiorari. (Doc. 8-14).

Satterwhite has not filed a Rule 32 petition in the state court. (Doc. 4 at p. 4). On July 3, 2017, Satterwhite filed the instant Petition for Writ of Habeas Corpus. (Doc. 1).

This Court ordered her to amend the petition to correct certain deficiencies, and she filed an amended petition on July 27, 2017. (Doc. 4). Satterwhite asserts that she is being held in prison "in violation of her Constitutional rights" based upon the following claims: 1) the trial court reversibly erred by failing to dismiss all charges because the State failed to establish that the trial court had jurisdiction over the charges; 2) the trial court reversibly erred by denying her motions for acquittal and motion for judgment notwithstanding the verdict; 3) the trial court reversibly erred when it instructed the jury that it could return different verdicts on the two remaining counts even though the State was proceeding under generic evidence; and 4) there was insufficient evidence to sustain the guilty verdicts. (*Id*. at p. 4). Respondent filed her answer to the petition arguing that Satterwhite's petition is due to be denied. (Doc. 8). Satterwhite filed a response to the answer. (Doc. 10). As noted above, the Court finds that it can resolve the issues presented here without an evidentiary hearing, *see supra* at p.1. Therefore, this matter is now ripe for decision.

## II. CONCLUSIONS OF LAW

"[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). The Supreme Court has "repeatedly held that 'federal habeas corpus relief does not lie for errors of state law.'" *Id*. (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks and citation omitted)). "A state's interpretation of its

own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 545 (11th Cir. 1992), *quoted in Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1326 (11th Cir. 2010).

"A habeas petitioner is required to initially present his federal claims to the state courts, and to exhaust all of the procedures available in the state court system, before seeking relief in federal court." *James v. Culliver*, Civ. A. No. CV-10-S-2929-S, 2014 WL 4926178, at *5 (N.D. Ala. Sept. 30, 2014) (citing 28 U.S.C. § 2254(b)(1); *Medellin v. Dretke*, 544 U.S. 660, 666 (2005) (holding that a petitioner "can seek federal habeas relief only on claims that have been exhausted in state court")). The petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (internal quotation marks and citations omitted). To satisfy this requirement, state courts "must … be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id*. at 365-66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Id*. at 366. The petitioner must also present "his or her claims through one 'complete round of the State's established appellate review process.'" *Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). "Federal courts are not forums in which to relitigate state trials." *Smith v. Newsome*, 876 F.2d 1461, 1463 (11th Cir. 1989) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 887 (1983)).

In addition to the bar created by a failure to exhaust state court remedies, a prisoner's claims can also be barred from federal court review by the doctrine of procedural default. A petitioner will be deemed to have procedurally defaulted a claim if the petitioner "fails to initially present a federal claim to the state courts at the time, and in the manner, dictated by the state's procedural rules," and the state court thus decides "that the claim is not entitled to review on its merits." *James*, 2014 WL 4926178, at *6. "Generally speaking, if the last state court to examine a claim states, clearly and explicitly, that the claim is barred because the petitioner failed to follow state procedural rules, *and* that procedural bar provides an *adequate* and *independent* state ground for denying relief, then federal review of the claim also is precluded by the procedural default doctrine." *Id.* (emphasis in original).

If the petitioner's claim has been properly brought before the State courts and adjudicated on the merits in State court proceedings, a writ may issue only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d); *see also Jones v. Sec'y, Dep't of Corr.,* 644 F.3d 1206, 1209 (11th Cir. 2011) (stating that "under AEDPA, a federal court may not grant habeas relief on a claim that has been considered and rejected by a state court unless it is shown that the state court's decision was 'contrary to' federal law then clearly established in the holdings of the United States Supreme Court … or that it 'involved an unreasonable application' of such law … or that it was 'based on an

unreasonable determination of the facts' in the light of the record before the court) (internal citations omitted).

> "A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's." *Windom v. Sec'y, Dep't of Corr.,* 578 F.3d 1227, 1247 (11th Cir. 2009) .... A state court decision involves an unreasonable application of federal law when "it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putnam v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001) .... The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).

*Spencer v. Sec'y, Dep't of Corrections,* 609 F.3d 1170, 1177-1178 (11th Cir. 2010), *cert. denied,* 562 U.S. 1203 (2011); *see also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) ("Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.").

As to findings of fact reviewed under 28 U.S.C. § 2254(d)(2), a federal court determines whether the state court's finding "'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Callahan v. Campbell,* 427 F.3d 897, 926 (11th Cir. 2005) (quoting §

2254(d)(2)). In making such an assessment, the federal court must presume as correct all determinations of factual issues made by a state court. 28 U.S.C. § 2254(e)(1). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *Id*.; see *also Miller-El v. Cockrell,* 537 U.S. 322, 339 (2003) (noting that "[f]actual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)").

> When evaluating whether a state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding" under § 2254(d)(2), "[w]e may not characterize . . . state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" Section 2254(d)(2), like § 2254(d)(1), requires that federal courts afford state court factual determinations "substantial deference." If "[r]easonable minds reviewing the record might disagree about" the state court factfindng in question, "on habeas review that does not suffice to supersede" the state court's factual determination. We also presume findings of fact made by state courts are correct, unless a petitioner rebuts that presumption by clear and convincing evidence.

*Daniel v. Comm'r, Ala. Dep't of Corr.,* 822 F.3d 1248, 1259 (11th Cir. 2016) (internal citations omitted).

Turning to the case at hand, in her brief in response to Respondent's answer, Satterwhite claims, **without any citation to the record**, that "[a]t all stages of the trial and on appeal, Petitioner has asserted violations of her Sixth Amendment right of confrontation and to a fair and impartial trial, and her Fourteenth Amendment right to due process and the equal protection of the law." (Doc. 10 at p. 5). The Court has reviewed the entire trial transcript and all filings made by Petitioner in the state trial and

appellate courts and to the United States Supreme Court. These records show that Satterwhite did not claim at any part of the proceedings in the trial court that her federal constitutional rights were being or had been violated. Satterwhite filed a written motion for judgment notwithstanding the verdict on July 2, 2014 in which she argued that the State failed to prove beyond a reasonable doubt that all of the alleged acts occurred in Alabama, failed to prove beyond a reasonable doubt that all of the alleged sexual acts occurred, and, as to Count Four, failed to prove beyond a reasonable doubt that all of the alleged sexual acts occurred prior to July 1, 2006. (Doc. 8-1 at pp. 137-42). She did not argue or even mention that any federal constitutional provisions had been violated nor did she cite any federal citations of authority. Likewise, she did not mention, argue, or reference any violation of her constitutional rights or any other federal law in her appeal to the Alabama Court of Criminal Appeals.

In her petition to the Alabama Supreme Court, Satterwhite argued, for the first time, that "[t]he limited cases regarding generic evidence, and their questionable interpretations, unduly impairs a defendant's due process right to fair notice of the charges against her, and a reasonable opportunity to defend against those charges. A definitive ruling pertaining to generic evidence is needed to insure the safeguards of due process." (Doc. 8-11 at p. 12). Satterwhite did not identify the particular provisions of the United States Constitution she asserts were violated until she filed her petition in the United States Supreme Court, and even then, she made a generic argument and did not tie the constitutional provisions to the alleged errors she pointed out. Indeed, Satterwhite did not cite any federal authority to any of these courts to support her position. Even in the instant petition, she has simply reiterated the various arguments

she made to the state courts concerning the trial court's errors without linking the alleged errors to any particular constitutional provision or supporting her position with any legal authority. Having set forth these general observations, the Court will address each of the alleged errors in turn.

**A.  <u>Jurisdiction</u>**

Satterwhite alleges that the trial court reversibly erred by failing to dismiss all charges because the State failed to establish that the trial court had jurisdiction over the charges. (Doc. 4 at p. 4). Satterwhite raised this issue in support of her motions for acquittal and motion for judgement notwithstanding the verdict in the trial court and in each of her briefs on appeal, arguing that the State failed to present sufficient evidence to prove that all of the alleged incidents occurred in Alabama. (*See supra* at pp. 2-5). The Alabama Court of Criminal Appeals held that Satterwhite waived this issue because she failed to comply with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure by not supporting her argument with citations to specific cases, not just "general propositions of law." (Doc. 8-8 at p. 3). In addition, relying on Alabama case law, the Court of Criminal Appeals found that, even if it considered her argument, the evidence submitted to the jury was sufficient to support its jurisdictional determination, and the trial judge properly instructed the jury on this issue. (*Id*. at pp. 3-4). Satterwhite filed petitions for a writ of certiorari to the Alabama Supreme Court and to the United States Supreme Court in which she asserted the same argument regarding jurisdiction. (*See supra* at pp. 4-5). Both the Alabama Supreme Court and the United States Supreme Court denied the respective petitions, without opinion. (Docs. 8-12, 8-14).

Satterwhite now seeks relief based upon this ground pursuant to § 2254. Satterwhite again argues that the evidence did not support a finding that jurisdiction was proper in the Circuit Court of Escambia County, Alabama. (Doc. 10 at pp. 5-7). Satterwhite does not allege in her petition or her reply brief that this alleged error violates any federal right. Satterwhite's sole argument with regard to jurisdiction has always been that the State failed to prove that all of the alleged incidents occurred in Escambia County, Alabama because there was some evidence that the victim's mother's male friend/brother who resided with the victim and her family in Escambia County may have also lived at some time in Century, Florida. (*Id*.). Although not discussed by Satterwhite, the trial court recognized that there were questions of fact to be resolved with regard to jurisdiction and, therefore, submitted that issue to the jury for resolution. (Doc. 8-5 at p. 86, 152-53).

Because this ground is based solely upon an alleged misapplication of state law and no federal ground is, or has been, raised as to this issue, this alleged error does not support habeas relief under § 2254. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). This claim is also procedurally barred from federal habeas review because Satterwhite failed to exhaust the state court remedies by not making the state courts aware that her claim included a federal law claim. *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 451 (11th Cir. 2015). In addition, this claim is procedurally barred because the Alabama Court of Criminal Appeals found that Satterwhite failed to comply with the Alabama Rules of Appellate Procedure and, thereby, waived this issue. (Doc. 8-8 at p. 3; *James v. Culliver*, Civ. A. No. CV-10-S-2929-S, 2014 WL 4926178, at *6 (N.D. Ala. Sept. 30, 2014) (holding that a petitioner will

be deemed to have procedurally defaulted a claim if the petitioner "fails to initially present a federal claim to the state courts at the time, and in the manner, dictated by the state's procedural rules," and the state court thus decides "that the claim is not entitled to review on its merits").[1]

Even though the Court of Criminal Appeals found that Satterwhite had waived this claim, the Court found that, even if Satterwhite had complied with Rule 28(a)(10), she would not prevail on the merits. As discussed above, if the petitioner's claim has been adjudicated on the merits in State court proceedings, a writ may issue only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Jones v. Sec'y, Dep't of Corr.,* 644 F.3d at 1209. In this case, Satterwhite has not argued that the State court's decision was contrary to or involved an unreasonable application of clearly established federal law. Instead, her argument seems to be that the decision that jurisdiction was proper in Escambia County, Alabama "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

The Eleventh Circuit has explained the role of the reviewing court as follows:

> When evaluating whether a state court's decision "was based on
> an unreasonable determination of the facts in light of the evidence

---

[1] Although there are two ways in which a § 2254 petitioner can seek to overcome procedural default, the "cause and prejudice" exception and the "fundamental miscarriage of justice" exception, *see Edwards v. Carpenter*, 529 U.S. 446, 451 (2000), Satterwhite has argued neither of these to excuse the procedural default of her claims in this case.

presented in the State court proceeding" under § 2254(d)(2), "[w]e may not characterize . . . state-court factual determinations as unreasonable 'merely because [we] would have reached a different conclusion in the first instance.'" Section 2254(d)(2), like § 2254(d)(1), requires that federal courts afford state court factual determinations "substantial deference." If "[r]easonable minds reviewing the record might disagree about" the state court factfinding in question, "on habeas review that does not suffice to supersede" the state court's factual determination. We also presume findings of fact made by state courts are correct, unless a petitioner rebuts that presumption by clear and convincing evidence.

*Daniel v. Comm'r, Ala. Dep't of Corr.*, 822 F.3d 1248, 1259 (11th Cir. 2016) (internal citations omitted). Having reviewed the trial transcript in its entirety and considered arguments made by counsel in this petition, the Court, giving "substantial deference" to the factual determinations made by the jury in state court, finds that Satterwhite has failed to rebut the presumption by clear and convincing evidence that the findings of fact were correct.

**B. Generic Evidence**

Satterwhite also alleges that she is entitled to habeas relief because the trial court reversibly erred by denying her motions for acquittal and motion for judgment notwithstanding the verdict, because the trial court reversibly erred when it instructed the jury that it could return different verdicts on the two remaining counts even though the State was proceeding under generic evidence, and because there was insufficient evidence to sustain the guilty verdicts. Satterwhite's filings reveal that all three of these claims, as they apply to this Petition, center around her allegation that the trial court misinterpreted Alabama law with regard to the use of generic evidence to prove separate charges. Satterwhite did not make any argument that this error violated her federal due process or any other constitutional rights until she filed her appeal in the Alabama Supreme Court. At no time, even in the current Petition, has she cited any

federal case law in support of her position. Although only briefly discussed, it appears that Satterwhite's argument before this Court is that her due process rights have been violated because, in her view, Alabama law on the use of generic evidence in a multi-charge criminal case is not clear and, therefore, her right to fair notice of the charges against her and a reasonable opportunity to defend against those charges was impaired. (Doc. 10 at pp. 9-10). Although she did not set it forth as a violation of her constitutional rights, Satterwhite raised this exact issue in her appeal to the Alabama Court of Criminal Appeals. (*See* Doc. 8-8 at pp. 4-). This claim is procedurally barred because the Alabama Court of Criminal Appeals found that Satterwhite failed to comply with Rule 28(a)(10) of the Alabama Rules of Appellate Procedure and, thereby, waived this issue. (Doc. 8-8 at pp. 5-6; *James v. Culliver*, Civ. A. No. CV-10-S-2929-S, 2014 WL 4926178, at *6 (N.D. Ala. Sept. 30, 2014) (holding that a petitioner will be deemed to have procedurally defaulted a claim if the petitioner "fails to initially present a federal claim to the state courts at the time, and in the manner, dictated by the state's procedural rules," and the state court thus decides "that the claim is not entitled to review on its merits").

Even though the Court of Criminal Appeals found that Satterwhite waived this claim, the Court found that, even if Satterwhite had complied with Rule 28(a)(10), she would not prevail on the merits. Specifically, the Court found that the error alleged "would be harmless error because in order to return guilty verdicts, the jury did unanimously find guilt as to each submitted charge." (Doc. 8-8 at p. 6). The Court also noted that Satterwhite failed to cite any Alabama case law or other authority in support of her position that the trial court's dismissal of two charges prior to submission of the

case to the jury required the trial court to also dismiss the other two different and distinct charges. (*Id.* at p. 5). As discussed above, *supra* at pp. 8-9, if a habeas petitioner's claim was adjudicated on the merits in State court proceedings, a writ may issue only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" 28 U.S.C. § 2254(d); *see also Jones v. Sec'y, Dep't of Corr.,* 644 F.3d 1206, 1209 (11th Cir. 2011) (stating that "under AEDPA, a federal court may not grant habeas relief on a claim that has been considered and rejected by a state court unless it is shown that the state court's decision was 'contrary to' federal law then clearly established in the holdings of the United States Supreme Court … or that it 'involved an unreasonable application' of such law … or that it was 'based on an unreasonable determination of the facts' in the light of the record before the court (internal citations omitted)). To prevail on her "generic evidence" claim in this Court, Satterwhite must show that the decision of the Alabama Court of Criminal Appeals "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

> "A state court decision is contrary to clearly established federal law if it applies a rule that contradicts the governing law set forth in Supreme Court cases or confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to the Court's." *Windom v. Sec'y, Dep't of Corr.,* 578 F.3d 1227, 1247 (11th Cir. 2009) .... A state court decision involves an unreasonable application of federal law when "it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal

principle from Supreme Court case law to a new context." *Putnam v. Head,* 268 F.3d 1223, 1241 (11th Cir. 2001) .... The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000).

*Spencer v. Sec'y, Dep't of Corrections,* 609 F.3d 1170, 1177-1178 (11th Cir. 2010), *cert. denied,* 562 U.S. 1203 (2011); *see also Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) ("Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by th[e Supreme] Court on a question of law or if the state court decides a case differently than th[e Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."). Satterwhite has cited no case law, federal or otherwise, to support her argument that her due process rights were violated because she has an interpretation of Alabama law that differs from the trial and appellate courts of the State, nor has she cited, or even argued, that the State court's decision here was contrary to or involved an unreasonable application of clearly established federal law.

In addition, this Court notes that a review of the trial transcript reveals that Satterwhite was well aware of the trial court's view of the charges against her and the application of generic evidence to those charges under Alabama law. "Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."

*Carrizales v. Wainwright,* 699 F.2d 1053, 1054-55 (11th Cir. 1983) (internal citations omitted); *see also Estelle v. McGuire,* 502 U.S. 62, 67 (1991) (noting that the United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law'") (citations omitted); *Davis v. Jones,* 506 F.3d 1325, 1332 (11th Cir. 2007) ("We will not question the Alabama appellate court's application of state law in federal habeas corpus review."). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle,* 502 U.S. at 67-68. This Court reviews questions of state law in habeas proceedings "only to determine whether the alleged errors were so critical or important to the outcome of the trial to render 'the entire trial fundamentally unfair.'" *Tejada v. Dugger,* 941 F.2d 1551,1560 (11th Cir. 1991) (quoting *Carrizales,* 699 F.2d at 1055). This Court finds that Satterwhite has presented a question of purely state law with regard to the application of generic evidence under Alabama law and that the errors she has alleged were not so critical to the outcome of the trial to render the trial fundamentally unfair.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2243(c)(2). The instant habeas petition is being denied, in part, on procedural grounds and, in part, on the merits of the alleged underlying constitutional claim. Where a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). In the instant case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further, *Slack,* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Where a habeas petition is being denied on the merits, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong[,]" *Id.*; *see also id.* at 483-84 ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"); *see Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). With respect to the claims raised by Petitioner herein, the undersigned recommends that the Court find that reasonable jurists could not debate whether her § 2254 habeas petition should be resolved in a different manner or that any of the remaining issues presented are adequate to deserve encouragement to proceed further. Accordingly, Petitioner is not entitled to a certificate of appealability as to any of the claims she has raised in her habeas corpus petition.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *Brightwell v. Patterson,* CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same

procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010

WL 3943699 (N.D. Fla. Oct. 5, 2010).

## IV. CONCLUSION

The undersigned Magistrate Judge finds that Satterwhite is not "in custody in

violation of the Constitution or laws or treaties of the United States," and accordingly,

the undersigned **RECOMMENDS** that her request for federal habeas corpus relief,

pursuant to 28 U.S.C. § 2254, be **DENIED**. Satterwhite is not entitled to a certificate of

appealability and, therefore, she is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the

manner provided by law. Any party who objects to this recommendation or anything in it

must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b); S.D. Ala. Gen LR 72(c)(1) & (2). The parties should note that under Eleventh

Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

recommendations contained in a report and recommendation in accordance with the

provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions if the party was

informed of the time period for objecting and the consequences on appeal for failing to

object. In the absence of a proper objection, however, the court may review on appeal

for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be

specific, an objection must identify the specific finding or recommendation to which

objection is made, state the basis for the objection, and specify the place in the

Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

 **DONE** this the **23rd** day of **April, 2019**.

s/P. BRADLEY MURRAY
**UNITED STATES MAGISTRATE JUDGE**
